IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

NOV 10 2008

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES of AMERICA,

v.  Criminal No. 4:08cr26

NICHOLAS OHIN,

Defendant.

## OPINION & ORDER

On October 20, 2008, the Court sentenced Defendant Nicholas Ohin ("Defendant") to a term of imprisonment outside of the advisory range provided by the United States Sentencing Guidelines (the "Guidelines"). The Court imposed such a sentence for the reasons set forth herein.

On May 15, 2008, Defendant pleaded guilty to two counts of carjacking, both in violation of 18 U.S.C. §§ 2119 and 2. On Count One, because Defendant caused bodily injury to the victim, Defendant faced a statutory maximum sentence of twenty-five (25) years' confinement, a fine of not more than $250,000, and a term of supervised release of not more than five (5) years. Also on Count One, pursuant to 18 U.S.C. § 3663A, Defendant faced mandatory restitution to the victim in the amount of $41,215.58. On Count Two, Defendant faced a statutory maximum sentence of fifteen (15) years' confinement, a fine of not more than $250,000, and a term of supervised release of not more than three (3) years.

Defendant's Presentence Investigation Report ("PSR") determined that Defendant had a criminal history category of VI and a total offense level of thirty-one (31).[1] This resulted in an advisory Guidelines range of one hundred eighty-eight (188) to two hundred thirty-five (235) months' confinement, five (5) years' supervised release, a fine of $15,000 to $150,000, mandatory restitution to the victim of the first offense in the amount of $41,215.58, and a total special assessment of $200.

## I. Legal Standard

The Court must fashion a sentence that is "sufficient, but not greater than necessary" to serve the sentencing factors set forth under 18 U.S.C. § 3553(a). United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). First, the Court must determine whether or not the sentencing range suggested by the advisory Guidelines serves these factors. See, e.g., United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). If the advisory Guidelines range does not serve these factors, then the Court should next consider whether a "traditional" upward or downward departure from the Guidelines would result in a sentence that does serve the § 3553(a) factors. Id. If the resulting sentence still does not serve the § 3553(a) factors, then the Court may impose a variance sentence, i.e., a sentence that does not fall within the advisory Guidelines range, provided that the variance sentence falls within any statutory limitations and is "sufficient, but not greater than necessary, to comply with the purposes of [18 U.S.C. §] 3553(a)(2)." Davenport, 445 F.3d at 370 (citation omitted).

---

[1] Defendant objected to a four-level enhancement on Count Two for possession of a dangerous weapon. The Court **SUSTAINED** this objection, finding that the Government had not established by a preponderance of the evidence that Defendant possessed a weapon during the second offense. Without this enhancement on Count Two, Defendant's total offense level fell from thirty-two (32) to thirty-one (31).

## II. Discussion

At Defendant's sentencing hearing, the victim of Defendant's first carjacking testified regarding the injuries Defendant inflicted upon her and the lasting effects of the incident on her life. The Government argued for a term of imprisonment on Count One at the statutory maximum, while Defendant argued that a sentence within the advisory Guidelines range was appropriate.

After hearing the victim's testimony and the parties' arguments concerning sentencing, the Court **HELD** that an advisory Guidelines range of one hundred eighty-eight (188) to two hundred thirty-five (235) months' imprisonment did not serve the factors listed under 18 U.S.C. § 3553(a). While the Court noted that Defendant should receive some benefit from entering a guilty plea, it **FOUND** such a plea was the only mitigating factor concerning the term of imprisonment imposed. In cases like this one, the Court looks to the advisory Guidelines range, but also to the maximum term of imprisonment provided by the statute. Here, the maximum term of imprisonment on Count One was three hundred (300) months' imprisonment. The Court explained it was difficult to imagine a worse case under the statute than this one and therefore reasoned that this case is the type for which the maximum term of imprisonment was contemplated. Defendant stabbed the victim with a screwdriver approximately twenty-two times. In addition to her stab wounds, the victim received a concussion and a number of bruises about her body. The victim spent a week in the hospital in order to be treated for these wounds and continues to receive therapeutic treatment for the psychological effects of this trauma. To this day, the victim's life remains affected by the Defendant's actions; the victim testified she has trouble being in large crowds and is "scared to death to go anywhere by [herself]."

In addition, while Defendant attempted to blame his actions on being addicted to illegal narcotics, the Court **FOUND** that fact alone was not a mitigating factor. The Court acknowledged that the drug culture spawns considerable violence, yet noted that in this instance, the victim had nothing to do with the drug culture and was in no way involved in it.

Finally, the Court **FOUND** Defendant's criminal history to be troubling and an additional factor in favor of a variance sentence above the advisory Guidelines range. Defendant's criminal history category was VI, the highest category recognized by the Guidelines. In addition to a number of other convictions, Defendant was previously convicted of assaulting a law enforcement officer and possessing a dangerous weapon. Given this criminal history, the Court concluded there is little reason to believe that Defendant will be a law-abiding citizen upon his release from confinement.

For all these reasons, the Court **FOUND** that an advisory Guidelines range of one hundred eighty-eight (188) to two hundred thirty-five (235) months' imprisonment was insufficient given the nature and circumstances of the offense and the history and characteristics of Defendant. The Court also **FOUND** that a sentence within this range would be insufficient to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from Defendant. See 18 U.S.C. § 3553(a)(1)-(2).

Taking the above considerations into account, the Court **SENTENCED** Defendant to a term of two hundred seventy-six (276) months' confinement.[2] This term of imprisonment is to

---

[2] This term of confinement consists of two hundred seventy-six (276) months on Count One, and one hundred eighty (180) months on Count Two, to be served concurrently.

be followed by a five (5) year term of supervised release.[3] The Court **WAIVED** the applicable fines due to Defendant's inability to pay, but **ORDERED** Defendant pay $41,215.58 in restitution to the victim of the first offense. This sentence reflects the nature and seriousness of the offense, appropriately reflects Defendant's history and characteristics, and is sufficient, but not greater than necessary, to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and to protect the public from Defendant. See 18 U.S.C. § 3553(a).

### III. Conclusion

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
~~October~~ Nov-10, 2008

---

[3] This term of supervised release consists of five (5) years on Count One, and three (3) years on Count Two, to be served concurrently.